### IN RE MURRAY

[No. 27,300. Filed December 22, 1939.]

PER CURIAM.—On the 30th day of November, 1939, Milo C. Murray was ordered to show cause why he

should not be punished for a direct contempt of this court. The facts upon which the citation was based are recited in the opinion in the case of *Joseph Pitts* v. *State of Indiana,* No. 27226, decided on December 7, 1939 (*ante* p. 168, 23 N. E. (2d) 673). It is not necessary to repeat them here.

Respondent has filed a verified answer in which he states that after the transcript to be used in the appeal of the Pitts case had been delivered to him by the clerk of the Criminal Court of Lake County, and before that document was filed in the office of the clerk of this court, he discovered that said transcript did not recite the true facts with regard to the action of the trial court in disposing of the plea in abatement filed by the defendant in said cause; that upon making said discovery he went directly to the judge who presided in the Pitts case and called his attention to said discrepancy; that the judge said to him in substance that if the record did not speak the truth it should be made to do so; that immediately thereafter respondent went to the office of the clerk, procured paper, and, in the presence of the court reporter, rewrote the entry pertaining to the disposition of said plea in abatement, making it read as it thereafter appeared in the record filed in this court. The character of the change made was not at the time disclosed to or known by the court reporter.

Respondent says that he was wholly inexperienced in matters pertaining to appellate procedure; that he misunderstood the force and effect. of the judge's suggestion about making the record speak the truth; and that he honestly believed said judge intended to authorize him to change said transcript. He further states that he was innocent of any intent to do any act which would be a contempt of this court, and that he has always

endeavored to conduct himself as an honorable and ethical member of the bar.

A number of judges, public officials, officers of the bar association, and members of the profession in Lake County have made representations to this court attesting to respondent's good moral character and excellent reputation in the community where he has practiced law. Among these testimonies are those of the presiding judge and the deputy prosecuting attorney who prosecuted the Pitts case.

We could not too severely condemn the conduct of any member of the profession who would stoop to the changing of a public record. The integrity of the papers and proceedings pertaining to the business of the courts is essential to the administration of justice and a proper respect for law and order. There are ample precedents for disbarring lawyers who commit offenses of this character. The evil consequences that may follow such derelictions of professional duty are illustrated by the fact that in the instant case the unauthorized tampering with the transcript might have resulted in a serious miscarriage of justice, had the facts not come to the notice of the court in time to recall the opinion.

But considering all of the mitigating circumstances, among which may be mentioned the natural handicaps of the respondent, his lack of experience, his previous good moral character and repute for ethical conduct, we have some doubt as to whether respondent realized the serious consequences of the wrong he committed or had the criminal intent which is of the essence of an offense of this character. In the exercise of the sound discretion with which we are clothed, we have therefore concluded to temper considerably the punishment that otherwise would be inflicted.

The respondent, Milo C. Murray, is adjudged to be guilty of a direct contempt of this court, and he is hereby publicly reprimanded for his contemptuous conduct. It is further ordered that for the period of one year from this date said Murray do not appear as counsel in any cause before this court, and that he pay the costs occasioned by this proceeding.